Dear Mr. Boudreaux:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for further review.
The Town of Lockport is a Lawrason Act municipality, governed by the provisions of LSA-R.S. 33:321, et. seq. We answer each question posed in light of these provisions, in the order presented in your correspondence.
Questions 1 and 2
 May the Board of Aldermen pass an ordinance mandating that all police department vehicles be marked with letters or emblems, or is this decision solely within the discretion of the Chief of Police?
LSA-R.S. 33:362(A)(1)(3) grants the board of aldermen the power by ordinance to adopt policies and procedures regulating the employment of all municipal employees. We have previously concluded that an ordinance regulating the use of police vehicles is a valid exercise of the legislative power vested in the board of aldermen. Based on this authority, we are of the opinion that the board of aldermen may by ordinance instruct the chief of police to mark all police vehicles with decals or other emblems. See enclosed Attorney General Opinion Numbers 93-337, 93-75 and 90-369.
Question 3
 Does the Chief of Police or the Mayor and Board of Aldermen exercise power over the termination of police personnel?
Your attention is directed to LSA-R.S. 33:423, which provides, in pertinent part:
 "The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321
et. seq. which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. . . ." (Emphasis added).
Pursuant to LSA-R.S. 33:423 quoted above, the chief of police has the authority to make recommendations to the mayor and board of aldermen for the appointment of police personnel, and for the dismissal of police personnel. However, in a Lawrason Act municipality, authorization to discharge police personnel is given to the board of aldermen, not the chief of police. LSA-R.S. 33:362 provides, in pertinent part:
 "(3) Subject to law, including R.S. 33:423.2 and 423.3, and applicable civil service rules and regulations, the board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees. . . ." (Emphasis added).
In response to your question, the ultimate decision concerning any layoffs of police personnel due to budgetary constraints rests with the board of aldermen. However, the discipline or dismissal of a police employee by the board of aldermen is contingent upon the recommendation made by the chief of police.
Questions 4, 5, and 6
 Which municipal officer exercises supervisory power over the police department, concerning assignment of equipment and vehicles, personnel, and day-to-day operations of the department?
It continues to be the opinion of this office that the chief of police has the inherent authority to supervise and control the functions of his office, office equipment and office personnel. This authority necessarily includes the ability to fix and determine the work schedules of police personnel, to assign police vehicles, to provide for regulations concerning police uniforms, and to provide guidelines for the daily administration of his office. See enclosed Attorney General Opinion Number 87-696, attached. This conclusion is in conformity with the cases of Cogswell v. Town of Logansport,321 So.2d 774 (La.App. 2nd Cir. 1975), and Lentini v. City of Kenner, 211 So.2d 311 (La. 1968), copies of which we enclose herein.
Based on the foregoing authority, we are of the opinion that the Chief of Police may restrict, as reasonably necessary, any individual from interfering with the daily operations of the police department. Further, the Chief of Police has control over the assignment of police vehicles, unless otherwise provided by ordinance.
We hope the foregoing is helpful to you. We would also like to inform you that, in the future, it will be the policy of this office to render written opinions to the officers of, or attorneys for, political subdivisions of the State on matters of state law only upon a request from the Mayor of a municipality, together with a written memorandum of law prepared by the local municipal attorney.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0251E